IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **OCTAVIO PAEZ-ORTIZ,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **CIVIL ACTION NO. 04-0713-CG-D** |
| vs. | ) | |
| | ) | **CRIMINAL ACTION NO. 02-00085-CG** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This cause is before the court on the report and recommendation of the magistrate judge (Doc. 61) and the petitioner's response thereto (Doc. 62). The magistrate judge recommended that the petition be denied without an evidentiary hearing.. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the magistrate judge and finds that the petition is due to be denied.

The petition alleged that defense counsel provided ineffective assistance of counsel because "counsel failed to advise [him] of the overwhelming evidence against him and erroneously advised him to proceed to trial instead of encouraging him to plead guilty which would have significantly reduced his sentence." (Doc. 47). The magistrate judge determined that it was not necessary to address the issue of whether or not defense counsel's actions actually fell below an objective standard of reasonableness because petitioner failed to establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.

> Petitioner has only alleged that he would have plead (believing that he would have received a lesser sentence) but for [defense counsel] assuring petitioner that he would win at trial. Without acceptance of responsibility or a downward departure, a plea by the petitioner would have resulted (under the Guidelines) in the same sentence that petitioner received. Thus petitioner has not alleged a sufficient basis from which the court could find that the result of the sentence proceeding would have been different. "[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."

(Doc. 61, p.13)(citation omitted).  In making those findings, the magistrate judge assumed the truth of all the facts alleged by petitioner as to his counsel's performance. (Id., p.10).

Petitioner's only objection to the report and recommendation is that the decision was rendered without an evidentiary hearing as to the facts surrounding counsel's performance.  (Doc. 62).  Because those allegations were accepted as true by the magistrate judge, the objection does not form a basis for overruling the report and recommendation.  The court agrees with the magistrate judge's recommendation denying petitioner's request for an evidentiary hearing.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(A) is **ADOPTED** as the opinion of this court.  Petitioner's §2255 petition is **DENIED.**

**DONE** and **ORDERED** this 16th day of September, 2005.

/s/ Callie V. S. Granade
**CHIEF UNITED STATES DISTRICT JUDGE**